WILLIAMS, Judge.
Isaac Curtis appeals a New Orleans Civil Service Commission ruling. In its ruling, the Commission terminated Curtis’s employment with the Sewerage and Water Board on a finding that he had falsified his pre-employment medical record. Curtis alleges that the Commission erred in ruling that he fraudulently withheld pertinent information at the time of his pre-employment physical.
On April 19, 1983, the appellant was first employed as a Utilities Plant Worker II. Prior to his employment he underwent a pre-employment medical examination which was performed by the Sewerage and Water Board’s physician. During the physical the appellant was asked to give a detailed medical history on a form provided by the company. On the form which the appellant completed and signed, he responded “no” to a question regarding whether he suffered from backaches. Additionally, Curtis answered negatively to a question which asked whether he had been hospitalized within the previous five years.
On March 27, 1984, Curtis reported to the Sewerage and Water Board’s medical department complaining of back pain and alleging that he had been hurt in an on-the-job accident six days before. Curtis presented a First Report of Injury form describing the alleged accident. At this time he was examined by the Sewerage and Water Board’s physician and during the examination appellant indicated that he had sustained a back injury in 1978 while in the Air Force. Further, he indicated that he had been hospitalized twice since his discharge from the Air Force, the most recent being only a few months prior to his pre-employment examination.
By letter dated May 16, 1984, appellant was formally notified of his dismissal from the Sewerage and Water Board. His termination was for falsification of employment records and for having submitted a false accident report. The dismissal was appealed to the Commission. After a hearing, the Commission rendered a decision which dismissed the charge of falsifying an accident report, but sustained the charge of falsification of employment records by finding that Curtis did not truthfully answer the questions on the medical forms.
We have reviewed the evidence as presented at the hearing and find that the Commission did not err in sustaining the dismissal. Curtis admits that at the time of his pre-employment physical he was under medical treatment for a neck and back injury sustained in an automobile accident. He states further that he had divulged this fact to the Sewerage and Water Board’s physician during the pre-employment interview. He argues that had he intended to deceive or defraud the Sewerage and Water Board regarding the status of his health he would not have been so candid as to admit his ongoing treatment. He argues, further, that the examining physician had knowledge of the ongoing treatment, *500 but allowed him work clearance nonetheless.
While Curtis may have revealed such facts to the examining physician, this does not counterbalance the fact that he did not answer the pre-employment application truthfully. Clearly, the purpose of the application was to aid the prospective employer in making important determinations regarding employment and job assignments. Once there was a negative response on the form the burden did not fall to the employer to investigate the matter any further. If Curtis wanted to be candid with the Sewerage and Water Board he should have answered the form correctly and not expected the examining physician to further investigate from information gleaned during the physical.
A decision of the Civil Service Commission will not be disturbed absent a showing that it is arbitrary and capricious. Walters v. New Orleans Police Department, 454 So.2d 106 (La.1984).
We do not find the Commission’s findings arbitrary and capricious, therefore, we affirm their decision.
AFFIRMED.